HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| EMPLOYEE PAINTERS TRUST HEALTH AND WELFARE FUND, et al., | |
| Plaintiffs, | CASE NO. C09-855RAJ |
| v. | ORDER |
| AMSBURY GLASS, INC., et al., | |
| Defendant. | |

This matter comes before the court on Plaintiffs' motion for summary judgment. Dkt. # 19. For the reasons stated herein, the court DENIES the motion without prejudice.

Plaintiffs are the administrators of ERISA union employee benefit plans. Defendant Amsbury Glass, Inc. ("Amsbury Glass") is a glass subcontractor that uses union labor. Defendant Don Amsbury is Amsbury Glass's principal.

Plaintiffs filed this motion seeking summary judgment that Amsbury Glass is liable to them for almost $170,000, and that Mr. Amsbury is personally liable for the same amount because he personally guaranteed Amsbury Glass's obligations. Although Defendants are represented by counsel and have appeared in this action, they filed no opposition to the summary judgment motion.

Plaintiffs' business relationship with Defendants covers many years. In 2003, Amsbury Glass filed a Chapter 11 bankruptcy petition in the United States Bankruptcy

ORDER – 1

Court for the Eastern District of Washington. No. 03-10243-PCW11. Plaintiffs were among the company's creditors. On September 22, 2005, the Bankruptcy Court confirmed Amsbury Glass's second plan of reorganization, which it had filed on July 6, 2005. The Plan provides that the Bankruptcy Court maintains jurisdiction over the Plan's administration. Dkt. # 114 (No. 03-10243-PCW11) (Plan Section XI). This summer, Plaintiffs tried unsuccessfully to convert that bankruptcy proceeding from Chapter 11 to Chapter 7. Dkt. # 192 (No. 03-10243-PCW11) (Jun. 23, 2009 order).

Since the Plan was confirmed, Amsbury Glass has apparently continued as a going concern, and continued to operate under trust agreements with Plaintiffs. Plaintiffs provide evidence that Amsbury Glass once again became delinquent in required contributions to those accounts, and seek judgment to recover those contributions plus interest and liquidated damages as provided in the trust agreements.

Were that the sole relief Plaintiffs were seeking, the court could enter judgment. The majority, however, of the damages Plaintiffs seek arise not from Amsbury Glass's post-Plan delinquent contributions, but rather from its failure to make required payments under the Plan. Plaintiffs implicitly contend that delinquent payments required under the Plan are no different than delinquent trust fund contributions. They provide no support for this contention. They do not acknowledge that bankruptcy proceedings generally discharge underlying debts. They do not give the court any basis to conclude that a failure to make payments under the Plan gives rise to liability under the trust agreements. This problem is compounded because the sole basis Plaintiffs offer for holding Mr. Amsbury personally liable is his guaranty in the trust agreements. If, as the court assumes, obligations under the Plan are not obligations under the trust agreements, then there is no basis for holding Mr. Amsbury personally liable for delinquent Plan payments.

The court reaches no conclusions in this order about whether Plaintiffs can recover missed Plan payments in this forum, nor does it reach any conclusions about whether Plaintiffs can lawfully characterize unpaid Plan obligations as trust fund obligations.

ORDER – 2

Plaintiffs have cited no law addressing any of these issues. Until Plaintiff addresses those issues, the court will not.

The court therefore DENIES Plaintiffs' motion for summary judgment (Dkt. # 19) without prejudice. No later than January 15, 2010, Plaintiffs may inform the court that they have withdrawn any claim to recover payments due under the Plan in this forum, thus limiting this action to one to recover delinquent trust contributions that came due after the Plan was approved. Alternatively, they shall by the same date provide supplemental briefing citing authority establishing that they can recover missed Plan payments in this court, that they can treat such payments as delinquent trust contributions, and that Mr. Amsbury is personally liable for delinquent Plan payments.

DATED this 11th day of December, 2009.

*Richard A. Jones*

The Honorable Richard A. Jones
United States District Judge

ORDER – 3